# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan B. Gottschall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3654 | **DATE** | 7/11/2008 |
| **CASE TITLE** | Barbara Coe vs. Local 1 Union SEIU & American Premier Security | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, plaintiff's complaint is dismissed without prejudice. The plaintiff is granted 28 days to amend. The application to proceed *in forma pauperis* [4] is entered and continued pending receipt of the amended complaint. The motion for appointment of counsel [5] is denied without prejudice.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Plaintiff, Barbara Coe ("Coe"), filed a "Complaint of Employment Discrimination" on June 26, 2008. She also filed an application to proceed *in forma pauperis* ("IFP") and a motion for appointment of counsel. In assessing whether to grant an application to proceed IFP, the court must review the complaint to ensure that it states a claim upon which relief can be granted and is not frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Coe's complaint, despite its title, does not allege discrimination. Rather, it alleges breach of a collective bargaining agreement. However, Coe does not explain what happened or when, what are the terms of the agreement, or with which aspects of the grievance procedure the defendants failed to comply. Absent these details, the court cannot determine whether it has subject matter jurisdiction over the claim. Therefore, Coe is granted 28 days to amend her complaint with further details. The court will rule on the IFP at that time.

The court now turns to Coe's motion for appointment of counsel. Before the court can consider appointing counsel for an indigent plaintiff, she must demonstrate that she has made reasonable efforts to retain counsel and was unsuccessful. *See* 28 U.S.C. § 1915(e)(1); *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004). Coe has made no such demonstration. Additionally, at such an early stage in the case, the issues do not appear to be so difficult that Coe is unable to litigate the case herself. *See Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (requiring a court to assess "the difficulty of the plaintiff's claims and the plaintiff's competence to litigate those claims himself"). The court therefore denies the motion without prejudice. Coe may re-file the motion after the defendants appear and answer or otherwise plead, at which time the court can assess whether the legal and factual issues are complex enough to require appointment of counsel.

| | Courtroom Deputy Initials: | DAM/RJ |
|---|---|---|